KEMNITZER, ANDERSON, BARRON & OGILVIE, LLP
Andrew J. Ogilvie       (SBN 057932)
Carol McLean Brewer   (SBN 214035)
445 Bush Street, Sixth Floor
San Francisco, CA 94108
Tel:   (415) 861-2265
Fax:   (415) 861-3151

Attorneys for Plaintiff, Maria Pintos

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA E. PINTOS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PACIFIC CREDITORS ASSOCIATION, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　Defendants. | Case No.<br><br>COMPLAINT<br><br>and<br><br>JURY TRIAL DEMAND |

　　1.　　This case arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*.

**PARTIES**

　　2.　　Plaintiff Maria E. Pintos is a "consumer" as defined by 15 U.S.C. § 1681a(c). Plaintiff resides in San Mateo County, California.

　　3.　　Defendant Pacific Creditors Association ("Pacific Creditors") is a California corporation having its principal place of business in Livermore, California. Pacific Creditors is both a "person" as defined by 15 USC § 1681a(b) and a "user" of consumer

credit information as said term is used in the FCRA, including 15 USC § 1681b.

4. Defendant Experian Information Solutions, Inc. ("Experian") is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined in 15 U.S.C. §§ 1681a(f) and (p).

## JURISDICTION

5. This court has jurisdiction under 28 U.S.C. § 1331. Defendants were authorized to and have been doing business within this district at all relevant times.

## VENUE

6. The activities alleged herein occurred within this district.

## FACTS

7. Plaintiff is informed and believes that before December 2002, Pacific Creditors and Experian entered into a written subscriber agreement in which Experian agreed to provide consumer reports to Pacific Creditors for certain permissible and lawful purposes described under the FCRA and set forth in said written subscriber agreement.

8. On or around December 5, 2002, Pacific Creditors requested, obtained and used plaintiff's consumer report from Experian and Experian provided (by computer or otherwise) plaintiff's consumer report to Pacific Creditors.

9. Pacific Creditors did not have a lawful purpose for requesting, obtaining and using plaintiff's consumer report from Experian, and therefore Pacific Creditors's request, acquisition and use of plaintiff's consumer report was a violation of the FCRA.

10. On information and belief, plaintiff alleges that various individuals whose names and capacities are presently unknown to plaintiff, requested, obtained and used plaintiff's consumer report on or around December 5, 2002 while acting for and within the scope of their business relationship with Pacific Creditors. Said individuals did not have a lawful purpose for requesting, obtaining and using plaintiff's consumer report from Experian, and therefore their request, receipt and use of plaintiff's consumer report

was in violation of the FCRA. Plaintiff will seek leave to amend this complaint to add said individuals as defendants as soon as their identities have been obtained.

### First Claim for Relief

11. Plaintiff realleges ¶¶ 1-10 herein.

12. Pacific Creditors negligently violated the FCRA by obtaining a consumer report on plaintiff without having a permissible purpose within 15 USC § 1681b.

13. Pacific Creditors willfully violated the FCRA by obtaining a consumer report on plaintiff without having a permissible purpose within 15 USC § 1681b.

14. Pacific Creditors knowingly and willfully violated the FCRA by obtaining information on plaintiff from Experian under false pretenses, 15 U.S.C. §§1681n & q.

15. As a result of these violations by Pacific Creditors, plaintiff suffered actual damages. The damages she suffered include denials of credit, increased costs for credit, lost opportunities to obtain credit and/or lost opportunities to obtain credit at lower rates, damage to her reputation and emotional distress, for which she seeks damages in an amount to be determined. In addition plaintiff seeks statutory damages for said defendant's willful violations of the FCRA pursuant to 15 USC § 1681n(a)(1)(A) and 1681n(a)(1)(B). Additionally, plaintiff seeks punitive damages against defendant pursuant to 15 USC § 1681n(a)(2).

16. Plaintiff requests her attorney fees pursuant to 15 USC §§ 1681n(c) and 1681o(b).

### Second Claim for Relief

17. Plaintiff realleges ¶¶ 1-16 as though fully set forth herein.

18. Defendant Experian negligently and willfully furnished a consumer report on plaintiff to Pacific Creditors Association and its agents and employees, whom it should have known did not have a permissible purpose within the scope of 15 USC § 1681b and thus violated the FCRA.

19.     As a result of said conduct by Experian, plaintiff suffered actual damages, including denial of credit, increased costs for credit, lost opportunities to obtain credit or to obtain credit at lower rates, damage to her reputation and emotional distress, for which she seeks damages in an amount to be determined or $1,000, whichever is greater, 15 USC § 1681n(a) and § 1681o(a). In addition plaintiff seeks punitive damages, 15 USC § 1681n(a)(2).

20.     Plaintiff requests her attorney fees pursuant to 15 USC §§ 1681n(c) and 1681o(b).

**WHEREFORE**, plaintiff prays for judgment against defendants as follows:

**First Claim for Relief** (against Pacific Creditors Association):

1. Actual and/or statutory damages;
2. Punitive damages;
3. Attorneys fees, and
4. Costs and expenses incurred in the action.

**Second Claim for Relief** (against Experian Information Solutions, Inc.):

1. Actual and/or statutory damages;
2. Punitive damages;
3. Attorneys fees, and
4. Costs and expenses incurred in the action.

Dated: December 4, 2003.

          KEMNITZER, ANDERSON, BARRON & OGILVIE LLP
          445 Bush Street, Sixth Floor
          San Francisco, California 94108
              415/861-2265 tel.
              415/861-3151 fax

          _____
          By:     Andrew J. Ogilvie
          Attorneys for Plaintiff, Maria E. Pintos

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

_____
By:   Andrew J. Ogilvie
Attorneys for Plaintiff, Maria E. Pintos