August 16, 2004

VIA FACSIMILE

Hon. Joseph C. Spero
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Judge Spero:

Pursuant to your order granting the motion for order shortening time and to meet and confer, counsel for the parties met this morning from approximately 9:40 to 11:40 to discuss the disputed discovery. Counsel discussed the issues in the context of Experian's <u>Third</u> Sets of Responses to the Interrogatories and Document Demands, both of which were served on Pintos' counsel after the pending motion was filed.

Experian's counsel said he would serve Experian's Fourth Sets of Responses later this week, but refused to provide Pintos' counsel with any of the proposed revisions that will be provided with those Fourth Sets of Responses. We discussed the proposed revisions but Experian's counsel refused to provide his drafts of the Fourth Amended responses.

The following is a summary of the issues in dispute and, with respect to each, each party's final substantive position and final compromise on each issue.

### Rule 30(b)(6) deposition(s)

Pintos' counsel began the meet & confer meeting by asking Experian to designate witness(es) to testify on its behalf in response to the Rule 30(b)(6) notice. Experian's counsel said he could not designate a witness, nor could he provide a time, date or place because the contact person at Experian was on vacation last week. He said he thought it would be in southern California sometime during the week of August 23, probably August 26.

Plaintiff believes that Experian should be ordered to designate its witness(es) forthwith and to state when and where those witnesses will be produced so that everyone

can plan accordingly. Plaintiff requests that the deposition be ordered for San Francisco on August 26, but Pintos' counsel can travel to southern California for a deposition on August 26 if that is known now.

### Experian's Responses to Pintos' Interrogatories to Experian

Experian's Preliminary Statement:

In its Preliminary Statement, Experian says that "discovery has just commenced" and that it "anticipates that additional information may be obtained which may affect the responses." It further states it has not completed its investigation of this matter.

Plaintiff believes that the discovery has been pending long enough for Experian to give complete and definitive answers. It should be required to state that in the responses. Pintos is willing to accept a statement from Experian that it has conducted a thorough and diligent search of its records and information and that it is providing everything that it has found that is responsive to the interrogatories unless otherwise expressly stated in the interrogatory response.

Experian notes that this is the first time Mr. Ogilvie brought this issue to Experian's attention.  It was not included in Mr. Ogilvie's letter and was present in the Motion to Compel.  Upon hearing of this so-called deficiency, Experian agreed to amend the Preliminary Statement to state that it has conducted a search, provided responsive information and will continue to honor its ongoing duty to supplement the responses pursuant to the FRCP.

Interrogatories Nos. 1 & 2:

These interrogatories ask Experian when PCA applied to become a subscriber and to identify the documents that refer or relate to that application. Experian's responses contain lengthy objections.

Plaintiff submits that the objections have no merit. These questions are straightforward and seek simple facts so they can be presented to the judge or jury. The objections obscure and cloud the answers. Pintos' asks the Court to overrule the objections and to require Experian to provide straightforward answers as required by the Federal Rules.

Experian notes that this is the first time Mr. Ogilvie brought the issue of any deficiency in response to Interrogatory No. 1 to Experian's attention.  It was not included in Mr. Ogilvie's letter and was present in the Motion to Compel.  As to the so-called problems, Experian agreed to list the documents by Bates numbers and believes the objections are valid.

Interrogatory No. 3:

The objections are an issue because, in Pintos' view, they obscure whether Experian is providing all the information it has available to it. Pintos does not believe the objections have merit. Pintos has asked Experian to state that, notwithstanding the objections, it has conducted a complete and thorough investigation and is providing all responsive information in its possession, custody or control. As Pintos understands Experian's position, it will provide this statement as a prefatory remark, but not in response to the specific interrogatories. If the objections are not overruled, then Experian should be required to provide that assurance in response to each interrogatory separately, so that each one can be read to and understood by the jury.

On page 4, lines 13-15, Experian has referred to a "physical inspection" of the subscriber's premises and "a review of each applicant's business practices." Pintos has asked Experian to expand and clarify and Experian has agreed to do so.

On page 4, lines 16-18, Experian has referred to some documents that it provides subscribers. It has agreed to produce copies to Pintos and to identify those documents in the responses.

In connection with this and later interrogatories, Experian has stated it will describe its procedures to track complaints and disputes about users using consumer reports for impermissible purposes.

Experian has agreed to amend this response to state that the procedures set out here were only in effect for 2001-2004. Experian refuses to state what procedures were in effect at other times, if any, or to explain why it is unable to provide that information, despite Pintos' requests for that.

Interrogatory No. 4

The objections are an issue because, in Pintos' view, they obscure whether Experian has identified all responsive documents. Pintos has asked Experian to withdraw the objections and to state that it has conducted a complete search and that it is identifying all responsive documents, but it refuses to do that. Pintos has asked Experian to state that, notwithstanding its objections, it has completed a diligent search and that it is identifying all responsive documents, but it refuses to do that either.

Experian has agreed to identify the responsive documents by Bates numbers.

Pintos submits that the objections should be overruled and Experian should be required to state that it is identifying all responsive documents.

Interrogatories No. 5 & 6:

This interrogatory asks what Experian did to determine initially that PCA had permissible purposes to obtain consumer reports and to ascertain those purposes.

Experian has responded with a long list of objections, followed by directions to see responses to Interrogatory 2 and Request No. 1.

Pintos believes this is non-responsive and evasive and that she is entitled to a straightforward answer. The answer, as Pintos understands it, is that TRW accepted PCA as a subscriber in 1987 and Experian got PCA as a subscriber when it took over TRW's business in 1996. The only document it has is the Subscriber Agreement from 1987 and it has no further information.

If those are the facts, Experian should be required to state them clearly so the trier of fact can know what they are without having the issues clouded by these objections. Pintos asks the Court to overrule the objections and to require straightforward, complete answers. If Experian's answer is that it did not exist as a CRA when PCA became a subscriber of TRW and that it lost or destroyed all records of what TRW did, it should state that to provide a complete answer.

Experian did not exist as a credit reporting company at the time PCA became a subscriber. Experian agreed to and has produced all responsive information within its custody or control in response to this and other discovery requests. The objections are valid.

Interrogatories Nos. 7 & 8:

These ask Experian to explain what it did to monitor PCA's use of credit reports from 1987 to the present.

In fact, it appears that Experian did nothing to monitor or investigate PCA's use of credit reports from 1987 to 2001, and that it has no responsive documents. Experian is unwilling to state that in response to these interrogatories, however. Instead, it objects and refuses to answer. Its primary objection is relevance, which it bases on a case from New York in 1982.

Pintos submits that the information is relevant. Experian is required to maintain reasonable procedures to ensure that its reports are not being used for impermissible purposes. Whether it is reasonable for Experian to acquire customer that was signed up by TRW in 1987 and do nothing further to investigate its uses of consumer reports for the next 14 years presents a jury question on the reasonableness of its procedures. Experian can make its relevance objection at trial, but for now the information should be provided in discovery.

Experian is under no obligation to "monitor" PCA and any such "monitoring" has nothing to do with Experian's reasonable permissible purpose procedures. It is unduly burdensome and harassing to expect Experian to respond to discovery requests that have no relevance to the question ultimately before the court.

Interrogatories 9 & 10:

The responses to these interrogatories are tied to the response to Interrogatory 5. If further response is required to No. 5, then Experian should be required to provide a further response to these also. Experian claims that collection agencies "typically do not have both permissible and impermissible purposes," but that is disputed. Pintos believes there is substantial evidence that collection agencies deal with collections on claims that do not entitled the collector to access credit reports, as in this case. The information is relevant.

Experian notes that these two requests are identical to Interrogatories No. 5 and 6 and cannot tell what, if anything, Mr. Ogilvie would like different then the responses already provided.  As Mr. Ogilvie wrote in his Motion to Compel, the FTC states that when a reporting company furnishes "reports to used that typically have both permissible and impermissible purposes . . . the agency must require the user to provide a separate statement."  However, PCA is a collection agency, not any attorney or a detective agency, and typically does not have both permissible and impermissible purposes.  As such, if these requests are different then Interrogatories No. 5 and 6, they are irrelevant.

Interrogatory No. 11:

Pintos has assured Experian that this interrogatory was not intended to gather information about communications between Mr. Sand and Ms. Clasen. With that refinement, Experian has agreed to state that there have been no responsive communications between Experian and PCA.

Interrogatories Nos. 14 & 15:

Experian has agreed to provide further responses in which it will describe its procedures to record and investigate complaints that subscribers were obtaining or using consumer reports for impermissible purposes. It has also agreed to identify and produce the documents that refer or related to those procedures.

Pintos agrees to accept those amended responses, provided the responses contain a complete description and explain precisely what time period those procedures were utilized. The responses should also make clear that except as described therein, Experian does not know what procedures were used.

Experian notes that no doubt has been raised about PCA as no complaints, disputes or requests for investigations were filed relating to PCA.  As such, the relevance of this issue is suspect.  In the spirit of cooperation, Experian agrees to provide information and documents sufficient to show the procedures used to record complaints, disputes and requests for investigations relating to permissible purposes.  Experian does not agree to state that it "does not know what procedures were used."

Interrogatory No. 17:

Experian has agreed to provide a further response to this interrogatory in which it describes as best it can the computer request that PCA sent to Experian in order to obtain Mrs. Pintos' credit report. If there is information in computer readable form, Experian has agreed to provide a copy of it.

Pintos needs a date by which this information will be produced. We ask for an order requiring it by August 20, 4 pm.

**Experian's Responses to Pintos' Document Demands to Experian**

General Objections:

Experian has withdrawn its General Objections to Pintos' interrogatories, but refuses to withdraw its General Objections to Pintos' document demands.

Pintos believes General Objections are not authorized or appropriate for either interrogatories or document demands. They simply cloud and confuse the responses, making it difficult or impossible for the Court and/or the jury to understand the responses. Specifically, is anything being withheld from production pursuant to an objection? We don't know. Pintos asks the Court to overrule the General Objections.

This is a non-issue that wastes both the Court's and my valuable time. As stated previously, Experian agrees to amend its Preliminary Statement to state that it has and will continue to abide by the FRCP.

Preliminary Statement:

Pintos understands that Experian now agrees to state in its Preliminary Statement that it has completed a thorough and diligent search of its files and records pertaining to PCA and its procedures to limit the furnishing of consumer reports to the purposes listed under section 1681b, and that it is producing all responsive documents.

Pintos believes that should be stated in each individual response, but as a compromise is willing to accept it as a preliminary statement, provided it is clear that it applies to each and every response.

This is a non-issue that wastes both the Court's and my valuable time.

Document Request 4:

This asks Experian to produce all documents that refer or relate to any investigation by Experian of PCA or its uses of credit reports anytime after PCA became a subscriber. Pintos now understands that there are no such documents—in the 17 years since PCA became a subscriber, there has been no updating of information. Pintos

believes that if that is the fact, it should be acknowledged in a clear response to this document demand. Experian refuses to state that there are no such documents, and instead responds with objections and the comment "Experian states that it has not been asked to investigate PCA…"

The final comment is non-responsive and evasive, in Pintos' view. Pintos' document demand seeks documents relating to an investigation, regardless of whether someone else asked Experian to investigate. Pintos requests the Court to compel a proper response.

Experian fails to understand what exactly Mr. Ogilvie requires in response to this Interrogatory.  It has never been asked to investigate PCA, which means that it no doubt has been raised about PCA which means no investigation is required.

Document Request 8:

This request seeks documents that refer or relate to the purposes given by PCA for its request for Pintos' credit report. Federal law requires the user to provide such information and for Experian to obtain it.

Experian's response says that discovery has just commenced and it reserves its right to supplement later. It refers to the Subscriber Agreement from 1987 and to no other document.

Pintos believes that if the 1987 Subscriber Agreement is the only responsive document that Experian has, it should say so in a manner that is clear and straightforward so the Court or jury can know what the facts are.

As I explained to Mr. Ogilvie today, Experian has now completed this search and no responsive documents were found.  I agreed to amend this response later this week.

Document Request 9:

This asks for the documents that contain Experian's procedures for limiting access to credit reports. Experian has many objections, followed by 7 pages of documents that it says are "sufficient to show the procedures in place." No time period is given.

Pintos believes the objections have no merit and should be overruled but is willing to compromise if Experian states that notwithstanding its objections, it has completed a thorough and diligent search and is producing all responsive documents.

Pintos believes the response should be amended to state that the documents being produced contain all the procedures that were in effect and the dates when they were in effect.

Experian notes that this is the first time, Mr. Ogilvie raised the issue of time.  It is not included in his letter or in his Motion to Compel.  As we discussed, Experian will not

state that that the document produced contain "all the procedures" as there are multiple procedures Mr. Ogilvie agreed we do have to produce documents referring to )i.e. computer system documents).  With further meetings to confer about this issue, we may be able to determine what, if anything, Mr. Ogilvie wants.

Document Request 10:

      This seeks documents that show Experian's actions to monitor PCA's use of credit reports. Experian objects and refuses to provide an answer.

      Pintos submits that an answer should be required. If there are no such documents, Experian should be compelled to say so.

      As stated above in relation to Interrogatories No. 7 and 8, Experian is under no obligation to "monitor" PCA and any such "monitoring" has nothing to do with Experian's reasonable permissible purpose procedures.  It is unduly burdensome and harassing to expect Experian to respond to discovery requests that have no relevance to the question ultimately before the court.

Document Request 14:

      Experian has agreed to amend its response to identify by Bates number and to produce documents that explain its procedures and policies to record and investigate complaints that subscribers or others were using or obtaining consumer reports for impermissible purposes. Pintos has accepted that agreement.

Very truly yours,


Andrew J. Ogilvie                                     Adam R. Sand
Attorney for Pintos                                   Attorney for Experian