1  ANDREW J. OGILVIE        (SBN 057932)
   KEMNITZER, ANDERSON, BARRON & OGILVIE, LLP
2  445 Bush Street, Sixth Floor
   San Francisco, CA 94108
3  Tel:    (415) 861-2265
   Fax:    (415) 861-3151
4

5  Attorney for Plaintiff, Maria Pintos

6

7                       UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9                            OAKLAND DIVISION

10
   MARIA E. PINTOS,                          Case No. C 03 5471 CW (JCS)
11
                  Plaintiff,                 PLAINTIFF'S OPPOSITION TO EXPERIAN'S
12                                           MISCELLANEOUS ADMINISTRATIVE
          vs.                                REQUEST REGARDING THE PROTECTION OF
13                                           "CONFIDENTIAL MATERIALS" FILED BY
   PACIFIC CREDITORS                         PLAIINTIFF
14 ASSOCIATION and EXPERIAN
   INFORMATION SOLUTIONS, INC.,
15
                  Defendants.
16

17        Experian's motion to have the Clerk to file Exhibits G, H, I & J to the Ogilvie declaration

18 under seal should be denied because Experian has not and cannot show "good cause" as required

19 by Civil L. R. 79-5(b).[1]

20

21

22
   [1] Experian also seeks to have page numbered EXP/PINT 0211 filed under seal. Experian seems
23 to think that page was included as part of Exhibit L, but that is not Mrs. Pintos' understanding.
   Mrs. Pintos included EXP/PINT 0211 as the final page in Exhibit H and lodged it with the Court
24 accordingly. For reasons explained in this memo, none of Exhibit H should be filed under seal,
   including that page. Because neither Exhibit B (Ms. Centanni's deposition) nor Exhibit L (the
25 new member packet) contains confidential information, those documents should be e-filed with
   the "Confidential" stamp removed.

*Pintos v. Pacific Creditors Association*, N.D.Cal., case C 03-5471 CW (JCS)                    1
Plaintiff's Opposition To Experian's Miscellaneous Administrative Request Regarding Protection of "Confidential"
Materials Filed by Plaintiff

1    To show good cause for sealing a document, the moving party must show that the

2 document "is genuinely privileged or protectable as a trade secret or otherwise has a compelling

3 need for confidentiality." Civil L.R. 79-5(b) Commentary. The party moving to seal a document

4 must show that the document contains "a trade secret or other confidential research, development

5 or other commercial information" and that "specific prejudice or harm will result if no protective

6 order is granted." *Foltz v. State Farm Mut. Ins.* (9 Cir. 2003) 331 F.3d 1122, 1130-1131; see also

7

8 *Phillips v. General Motors* (9 Cir. 2002) 307 F.3d 1206, 1210. "[B]road allegations of harm,

9 unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.

10 *Foltz, supra* at 1130, quoting from *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9

11 Cir. 1992).

12 **Exhibits G, H, I and J Do Not Contain Any Privileged or Trade Secret Information.**

13    Experian has not asserted that Exhibits G, H, I or J are privileged material. Nor does it

14 claim that any of those Exhibits contains a trade secret.

15

16 **Experian's Has Not And Cannot Show Any Specific Prejudice Or Harm That Would Result From Placing These Exhibits In The Public Record**.

17

18    The party moving to have documents placed under seal is required to make a

19 particularized showing of good cause with respect to any individual document. *Phillips v.

20 General Motors Corp.*, *supra* 307 F.3d at 1211. Broad allegations of harm will not suffice. Id.

21    Experian tries to support its motion with assertions by Ms. Centanni that "potential

22 subscribers could benefit by learning the details of Experian's procedures…to circumvent [those]

23 procedures." She also claims that Experian's competitors could benefit by freeloading on

24 Experian's procedures. Ms. Centanni's worries are nothing more than "broad allegations of

25

harm, unsubstantiated by specific examples or articulated reasoning…" As such, her concerns

are insufficient to carry Experian's burden on this motion. See, e.g., *Phillips*, *supra* at 1211.

It is highly unlikely that public disclosure of Exhibits G, H, I or J could harm Experian.

Exhibit G is Experian's <u>current</u> procedure to comply with the Fair Credit Reporting Act and

Gramm-Leach-Bliley. Exhibit H consists of Experian's <u>outdated</u> procedures to comply with the

FCRA. Centanni depo. 23/7-24/15. Exhibits I and J are checklists that inspectors use if they

inspect a prospective subscriber's offices. Nothing in any of these documents is particularly

innovative or surprising. The content of these documents is analogous to the boilerplate

provisions in form contracts. It is quite unlike Coca-Cola's secret formula or the latest Intel chip

design. None of these Exhibits should be filed under seal.

**Experian's Claim That It Has Maintained These Documents As "Confidential" Appears To Be Based On An Untruthful Declaration**.

Experian's declarant, Kathleen Centanni, asserts in her declaration in support of

Experian's motion to seal these documents that from 1996 to present she has "assisted in

ensuring compliance with the Fair Credit Reporting Act" for both Experian and its predecessor,

TRW. Her declaration provides no details concerning what she did from 1996 to the present that

qualifies her to offer this testimony. Judging from Ms. Centanni's deposition testimony, it

appears that this claim in her declaration is highly misleading, if not outright false.

In her deposition Ms. Centanni testified that she was employed by TRW from 1990 to

1996 as a "credit collection manager." That means she was collecting accounts that TRW was

owed by its subscribers. Centanni depo. 9/18-23. Her deposition testimony indicates that during

that period, 1990-1996, she did not have any responsibility for the company's procedures to limit

the furnishing of consumer reports to permissible purposes. Centanni depo. 10/15-11/17.

1   From when Experian came into existence in 1996 to 2000, Ms. Centanni had the same

2   job collecting from subscribers who owed money to Experian. Centanni depo. 11/18-12/14.

3   In August 2000, she was transferrred to "Internal Audit." In that department, Ms.

4   Centanni reviewed different aspects of businesses inside Experian and some affiliates that do

5   business with Experian. Centanni depo. 12/20-13/17. With respect to that period, Ms. Centanni

6   had no job responsibility that would qualify her to offer the testimony she put in her declaration:

7

8   "Q. Would it be fair to say that in this period of August 2000 to May 2003 you
did not have job responsibilities that involved implementing or maintaining procedures to
9   limit the furnishing of consumer reports to people who have permissible purposes to get
those reports?
10   "A.    That would be true." Centanni depo. 13/18-24.

11   In sum, it appears from Ms. Centanni's deposition testimony that she does not have

12   firsthand knowledge of Experian's practices and procedures concerning the FCRA procedures

13   that are involved here prior to 2003. Ms. Centanni is unqualified to offer the testimony that is

14   contained in paragraphs 4-6. Mrs. Pintos' objects to those portions of Ms. Centanni's declaration

15   for lack of foundation and respectfully requests the Court to disregard those paragraphs.

**Conclusion**

Experian's request to file Exhibits G, H, I and J under seal should be denied. Experian

should be ordered to remove the "Confidential Subject to Protective Order" stamp from those

documents and from Ms. Centanni's deposition and Exhibit L, and to provide counsel for Mrs.

Pintos with clean copies so that she can e-file them.

Dated:     November 1, 2004

_____
Andrew J. Ogilvie
Attorney for plaintiff Maria Pintos

*Pintos v. Pacific Creditors Association*, N.D.Cal., case C 03-5471 CW (JCS)      4
Plaintiff's Opposition To Experian's Miscellaneous Administrative Request Regarding Protection of "Confidential"
Materials Filed by Plaintiff