IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA E. PINTOS,<br><br>    Plaintiff,<br><br>  v.<br><br>PACIFIC CREDITORS ASSOCIATION and EXPERIAN INFORMATIONAL SOLUTIONS, INC.,<br><br>    Defendants.                                  / | No. C 03-5471 CW<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT |

Pursuant to Federal Rule of Civil Procedure 56, Defendants Pacific Creditors Association and Experian Informational Solutions, Inc. each move for summary judgment on Plaintiff Maria E. Pintos' claims under the Fair Credit Reporting Act, 15 U.S.C. section 1681 et seq. Plaintiff opposes the motions and cross-moves for summary judgment. The matter was heard on November 5, 2004. Having considered the parties' papers and oral argument on the motions, the Court GRANTS Defendants' motions for summary judgment and DENIES Plaintiff's cross-motion

for summary judgment.

BACKGROUND

Defendant Pacific Creditors Associations (PCA) is a collection agency that specializes in deficiency claims for towing companies. Defendant Experian Informational Solutions, Inc. (Experian) is a consumer credit reporting agency that gathers credit information and makes it available to third-party subscribers. In 1987, PCA entered into a subscriber agreement with Experian's predecessor, and PCA continues to subscribe to Experian's credit reporting services. Plaintiff is an individual residing in San Mateo, California.

On May 29, 2002, the San Bruno Police Department instructed P&S Towing to tow and impound a Chevrolet Suburban because the registration tags were expired. At the time it was towed, the vehicle was registered to both Plaintiff and her son, David Pintos. Plaintiff contends that the car was owned solely by her son and that she instructed him to transfer title of the vehicle to his name back in 1999. Nevertheless, according to California Department of Motor Vehicles records, on May 29 the vehicle was registered in both Plaintiff's and her son's names, and title did not transfer to David Pintos as sole owner until June 18, 2002. Ellis Decl., Ex. G.[1]

P&S Towing sent a "Notice of Pending Lien Sale" to Plaintiff and her son on June 7, 2004, indicating that it held a

---

[1] The Court takes judicial notice of exhibits G and H to the Ellis declaration in support of PCA's motion for summary judgment.

2

lien on the vehicle for towing and impound charges and the car would be sold at a July 9 lien sale if Plaintiff or her son did not pay the debt and reclaim the vehicle. The vehicle was not reclaimed and, following the lien sale, P&S Towing transferred the deficiency for towing and impounding to PCA for collection.

On December 5, 2002, after failing to secure payment on Plaintiff's debt, PCA obtained Plaintiff's credit information from Experian's database. On December 4, 2003, Plaintiff filed a complaint against both PCA and Experian, alleging violations of the Fair Credit Reporting Act (FCRA). Plaintiff alleges that PCA did not have a legally permissible purpose to obtain her credit report, and that Experian was negligent in furnishing PCA with her credit report for an impermissible purpose.

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary

3

judgment is sought. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Intel Corp. v. Hartford Accident & Indem. Co.</u>, 952 F.2d 1551, 1558 (9th Cir. 1991).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." <u>Celotex</u>, 477 U.S. at 325. The moving party is not required to produce evidence showing the absence of a material fact on such issues, nor must the moving party support its motion with evidence negating the non-moving party's claim. <u>Id.</u>; <u>see also</u> <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 885 (1990); <u>Bhan v. NME Hosps., Inc.</u>, 929 F.2d 1404, 1409 (9th Cir. 1991), <u>cert. denied</u>, 502 U.S. 994 (1991). If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." <u>Bhan</u>, 929 F.2d at 1409. A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. <u>Celotex</u>, 477 U.S. at 323.

                              DISCUSSION

Plaintiff's negligence claim against Experian turns on whether the credit reporting agency has reasonable procedures in place to ensure that its clients only use credit reports obtained from its database for permissible purposes. 15 U.S.C. § 1681e(a). However, both claims fail if PCA did in fact have a

4

legally permissible purpose under FCRA to obtain Plaintiff's credit report from Experian.  See, e.g., Washington v. CSC Credit Servs., Inc., 199 F.3d 263, 267 (5th Cir. 2000)("Accordingly, a plaintiff bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e must first show that the reporting agency released the report in violation of § 1681b.").

Title 15 U.S.C. section 1681b, entitled "Permissible purposes of consumer reports," states, in pertinent part, that a consumer reporting agency may furnish a consumer credit report to a person it has reason to believe "intends to use the information in connection with a . . . review or collection of an account of, the consumer."  15 U.S.C. § 1681b(a)(3)(A).  The issue of whether a credit report has been obtained for a permissible purpose is a question of law that may properly be decided in the context of a motion for summary judgment.  Edge v. Prof'l Claims Bureau, Inc., 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999); see also Hasbun v. County of Los Angeles, 323 F.3d 801 (9th Cir. 2003)(affirming district court's grant of summary judgment for the defendant on issue of "permissible purpose" under 15 U.S.C. § 1681b).

Plaintiff argues that PCA did not have a legally permissible purpose for obtaining her credit information from Experian because "collection of an account" as used in section 1681b(a)(3)(A) does not include an attempt to collect on a towing deficiency claim.  Plaintiff relies on several maxims of

5

statutory construction and on commentary by the Federal Trade Commission in arguing that "collection of an account" includes only collection of <u>credit</u> accounts and does not encompass debts. The debt Plaintiff owes to PCA is not a credit account because it does not include "<u>terms</u> that have been agreed upon between the consumer and the creditor." Pl.'s Opp'n Br. at 8 (emphasis in original).

Plaintiff's argument is contrary to settled law in the Ninth Circuit. In <u>Hasbun</u>, the Ninth Circuit ruled:

> "Collection of an account" is nowhere defined in the statute, and the legislative history is not enlightening. But the limited case law addressing this issue has uniformly held that creditors have a permissible purpose in receiving a consumer report to assist them in collecting a debt. In other words, collection of a debt is considered to be the "collection of an account."

323 F.3d at 803. That holding was followed by a judge in this District in <u>Perretta v. Capital Acquisitions & Mgmt.</u>, 2003 WL 21383757 (N.D. Cal. 2003). In <u>Perretta</u>, the court granted the defendant collection agency's motion to dismiss the plaintiff's claim under FCRA because the court ruled that, under section 1681b, "a party is permitted to obtain an individual's credit information in connection with the collection of a debt." 2003 WL 21383757 at *5.

To support her position that debt collection is not covered under section 1681b, Plaintiff cites two cases, neither of which is analogous to her case. <u>Mone v. Dranow</u>, 945 F.2d 306 (9th Cir. 1991), in addressing the "business need" provision of section 1681b, ruled that obtaining a credit report for the purpose of determining ability to pay a judgment in a pending

6

lawsuit is not permissible under FCRA. In <u>Duncan v. Handmaker</u>, 149 F.3d 424 (6th Cir. 1998), the court ruled that, under section 1681b, litigants in a tort action could not obtain credit reports on the opposing party for the purpose of preparing for trial. Neither case cited by Plaintiff addresses whether debt collection is a permissible purpose for obtaining a credit report under FCRA, and thus neither case supports Plaintiff's argument.

In order to defeat a claim under section 1681b, the "law requires no more" than a showing of a permissible purpose. <u>Hasbun</u>, 323 F.3d at 805. Collection of a debt is a permissible purpose for obtaining a credit report under section 1681b, and thus PCA and Experian are entitled to summary judgment on Plaintiff's claims arising under FCRA. This ruling does not require the Court to decide whether Experian would have been liable under section 1681e if PCA had not had a permissible purpose for obtaining Plaintiff's credit report.

## CONCLUSION

For the foregoing reasons, Defendants' motions for summary judgment are GRANTED and Plaintiff's cross-motion for summary judgment is DENIED. PCA's request for judicial notice in support of its motion (Docket No. 62) is GRANTED. Experian's request that the Court file under seal documents filed by Plaintiff in support of her cross-motion and in opposition to Defendants' motions (Docket No. 76) is DENIED. Judgment shall enter accordingly. Defendants shall recover their costs from Plaintiff. The Clerk shall prepare a judgment and close the file.

IT IS SO ORDERED.

Dated: 11/9/04                    /s/ CLAUDIA WILKEN
                                  CLAUDIA WILKEN
                                  United States District Judge

8