ANDREW J. OGILVIE     (SBN 057932)
KEMNITZER, ANDERSON, BARRON & OGILVIE, LLP
445 Bush Street, Sixth Floor
San Francisco, CA 94108
Tel:    (415) 861-2265
Fax:    (415) 861-3151

Attorney for Plaintiff, Maria Pintos

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARIA E. PINTOS,<br><br>            Plaintiff,<br><br>       vs.<br><br>PACIFIC CREDITORS ASSOCIATION and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>            Defendants. | Case No. C 03 5471 CW (JCS)<br><br>PLAINTIFF'S OPPOSITION TO EXPERIAN'S MOTION FOR RECONSIDERATION |

**I.    JURISDICTIONAL ISSUES LIMIT OR PRECLUDE THE COURT'S AUTHORITY TO DECIDE EXPERIAN'S MOTION TO RECONSIDER.**

   **A.    Experian's Motion Should Be Construed As A Rule 60(b) Motion.**

After judgment has been entered, a motion for reconsideration is construed as a Rule 59(e) motion to alter or amend the judgment if it is filed within ten days of entry of judgment, or as a Rule 60(b) motion if it is filed more than ten days after judgment. *Shapiro v. Paradise Valley Unified School District No. 69*, 374 F. 3d 857, 863-864 (9th Cir.2004) citing *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir.1995) and *Am. Ironworks & Erectors In. v. N. Am. Constr.*

1  *Corp.*, 248 F.3d 892, 898-99 (9th Cir.2001). The district court may not enlarge the time for

2  taking any action under Rule 59(e). See FRCP Rules 6(b) and 59.

3   Experian sought this Court's leave to file its motion for reconsideration within ten days of

4  the entry of judgment, but it did not <u>file</u> the motion within that ten day period. When the Court

5  granted Experian's request for leave to file the motion for reconsideration, it said "the motion for

6

7  reconsideration is deemed <u>filed</u>…as of the date of this order." That was February 3, 2005, which

8  was 86 days <u>after</u> the Court entered judgment. The local rules did not prevent Experian from

9  filing any post-judgment motion, nor could they prohibit such filings. See *Camacho v. City of*

10 *Yonkers, New York*, 236 F.3d 112, 114-115 (2d Cir.2000) and *Fruit of the Loom, Inc. v.*

11 *American Marketing Enterprises, Inc.*, 192 F.3d 73, (2d Cir.1999). Consequently, Experian's

12 motion is deemed a Rule 60(b) motion and those rules govern its disposition. *Shapiro v.*

13 *Paradise Valley Unified School District No. 69*, 374 F. 3d 857, 863-864 (9th Cir.2004).

14

15   **B.**  **The Court Lacks Jurisdiction To *Grant* Experian's Rule 60(b) Motion.**

16  On December 9, 2004, Experian appealed from the order it wants the Court to reconsider.

17 See Experian's notice of appeal. That appeal divested this Court of jurisdiction to *grant*

18 Experian's motion. Indeed, the Ninth Circuit has said the district court loses all jurisdiction to

19 decide a Rule 60(b) motion when an appeal is filed. "The district court lacked jurisdiction to

20 entertain the Rule 60(b) motion, which was filed after the notice of appeal had been filed,

21

22 thereby stripping the district court of its jurisdiction." *Katzir's Floor and Home Design, Inc. v.*

23 *M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir.2004) citing *Williams v. Woodford*, 384 F.3d 567,

24 586 (9th Cir.2004) and *Carriger v. Lewis*, 971 F.2d 329, 332 (9th Cir.1992). The Court cannot

25 *grant* Experian's motion, but must allow the Court of Appeals to decide the issues.

**C.     The Court May Have Jurisdiction To *Deny* Experian's Motion And Explain.**

The Ninth Circuit's rule, as stated in *Katzir's Flooring* and cases cited therein, appears to allow no exceptions. Other Circuits, however, have recognized exceptions which may be appropriate here. In those Circuits a district court may *deny* a Rule 60(b) motion and explain its reasons without disturbing appellate jurisdiction. See *Fobian v. Storage Technology Corporation*, 164 F.3d 887, 890-892 (4th Cir.1999); *Travelers Ins. Co. v. Liljeerg Enter., Inc.*, 38 F.3d 1404, 1408 n. 3 (5th Cir.1994); *Commonwealth of Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39, 41-42 (1st Cir.1979).This is considered to be an exercise of jurisdiction that is in aid of the appeal, and not in conflict with the appellate court's jurisdiction.

Those cases recognize that while a litigant must be permitted to file a Rule 60(b) motion while an appeal is pending, the trial court's power to decide the motion is complicated by the "well-established principle that an appeal divests a trial court of jurisdiction over 'those aspects of the case involved in the appeal.'" *Fobian*, *supra* at 890, quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Those Circuits recognize exceptions, most notably that the district court retains jurisdiction over matters "in aid of the appeal." *Fobian*, *supra*, citing *In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir.1991).

The "in aid of the appeal" exception is judge-made doctrine that allows the district court to explain why it ruled the way it did. If the district court wants to <u>deny</u> the Rule 60(b) motion and explain its findings and reasoning, it may do so. That aids the appellate court in its review of

the case on appeal. See *Fobian, Travelers, Commonwealth of Puerto Rico* and *Grand Jury, supra*.[1]

The facts in *Grand Jury* are somewhat analogous to the facts in this case. At a hearing on March 11, the district court had announced that it would deny appellant's motion to quash the grand jury subpoena to appellant's accountant, but that it would limit the questioning to certain areas. Immediately upon hearing that, appellant's counsel filed a notice of appeal. The next day the district court entered a written order memorializing its rulings from March 11. On March 15 the district court held a further hearing in the matter, at the end of which it entered another order that expanded the scope of its prior orders. On appeal a threshold question was whether the district court had jurisdiction to enter its March 12 and 15 orders while the case was on appeal. The Fourth Circuit held that the district court had jurisdiction to enter those orders while the case was on appeal because these orders were directly in aid of the appeal. 947 F.2d at 1189-1190.

While the Ninth Circuit's recent cases do not endorse the "in aid of the appeal" exception, it did acknowledge that exception in *Thorp v. United States*, 655 F.2d 997 (9th Cir.1981). As the Court may recall, the Ninth Circuit's endorsement of the "in aid of the appeal" exception in *Thorp* was *dicta*, not the holding.[2] We have not found any case in which the Ninth

---

[1] On the other hand, if the district court is inclined to *grant* the Rule 60(b) motion, that would disrupt the appellate court's jurisdiction and so it cannot be done without the permission of the appellate court. In the First, Fourth and Fifth Circuits, a district court that wants to grant the motion must indicate that inclination in writing. Then the moving party may ask the Court of Appeals to remand the case to the district court. *Id.*

[2] Thorp, an attorney, had refused to answer a question and the trial court had cited him for contempt. While the contempt citation was still on appeal, the same judge ordered Thorp to answer the same question and cited him for contempt a second time when he refused. The Ninth Circuit reversed the district court's second contempt citation because the issue was on appeal so the district court lacked jurisdiction to order him to answer the question.

Circuit actually applied the "in aid of the appeal" exception to affirm a district court's order on a Rule 60(b) motion while an appeal was pending.

## II. Experian's Motion Should Be Denied Because It Does Not Satisfy The Requirements Of Rule 60(b).

Rule 60(b) permits the court to relieve a party from a final judgment or order for the following reasons and no others: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief from the operation of the judgment. Experian has not attempted to meet any of these tests in the motion. Experian just wants the Court to change its mind about sealing the documents. Rule 60(b) does not authorize the Court to do that, so the Court should deny Experian's motion.

## III. The Court Properly Denied Experian's Motion To Seal Documents.

The rules that govern the sealing of documents produced during discovery are well-established. The general rule is that "fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *Phillips v. Gen. Motors*, 307 F.3d 1206, 1210 (9th Cir.2002). In order to seal documents that are produced during discovery, the producing party is supposed to move for a protective order pursuant to Rule 26(c), which requires the moving party to demonstrate "good cause" for a protective order. Rule 26(c) authorizes the court to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue expense or burden, including ... that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed.R.Civ.P. 26(c). Under Rule 26(c), "the party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or

harm will result if no protective order is granted." *Foltz v. State Farm Mut. Aut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir.2003) (citing *Phillips*, 307 F.3d. at 1210-11; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); see also *Deford v. Schmid Prods. Co.*, 120 F.R.D. 647, 653 (D.Md.1987)). "Where a business is the party seeking protection, it will have to show that disclosure would cause significant harm to its competitive and financial position. That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm." *Deford*, 120 F.R.D. at 653. "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Beckman*, 966 F.2d at 476. If the court finds that defendants have met their burden to show particularized harm will result from disclosure of the information to the public, the court must then balance the public and private interests to decide whether protection is warranted. *Phillips*, 307 F.3d. at 1211.

When the moving party seeks to seal documents that are being used in a <u>dispositive</u> motion such as summary judgment, the burden is greater because there is a federal common law right "to inspect and copy public records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). That right extends to pretrial documents filed in civil actions, including materials filed in summary judgment motions. *Foltz v. State Farm Mutual Insurance Co.*, 331 F.3d 1122, 1134 (9th Cir.2003) There is a "strong presumption in favor or access to court records," especially those that have been used in summary judgment motions. *Id.* In that situation, the district court must not only find "good cause" as required by Rule 26(c), but it must further consider all relevant factors including:

> "the public interest in understanding the judicial process and whether the disclosure of the material could result in improper use of the material for scandalous or libelous

*Pintos v. Pacific Creditors Association*, N.D.Cal., case C 03-5471 CW (JCS)  
Plaintiff's Opposition To Experian's Motion for Reconsideration

6

   purposes or infringement upon trade secrets…. After taking all relevant factors into consideration, the district court must base its decision <u>on a compelling reason</u> and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Foltz, supra* at 1135, quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (internal citations and quotations omitted.) Emphasis added.

This process allows for meaningful appellate review of whether the relevant factors were considered and given appropriate weight. *Foltz*, *supra* at 1135.

  When Experian produced documents during discovery in this case it was able to seal them all under a protective order because the Magistrate Judge had entered a blanket protective order that permitted Experian to shield all its documents from public view without any showing of "good cause" whatsoever. As a result, when Ms. Pintos needed to use some of Experian's documents for her opposition to defendants' summary judgment motions and in support of her own cross motion for summary judgment, the Court had to require her to file Experian's documents under seal and then gave Experian time to justify the sealing of the documents. See Order dated 10/14/04. Experian filed its motion to seal the documents, Ms. Pintos opposed it, and the Court denied it on November 9, 2004, as part of the summary judgment hearing.

  Experian has not shown "good cause" to seal Exhibits G, H, I or J for discovery purposes, much less for the summary judgment. It has not met the basic test of showing that they contain confidential information that is worthy of being sealed. It has not shown that specific harm will result from the public disclosure of those documents. And it certainly has not shown that there is any compelling need to shield these documents from public view. Other courts that have considered similar claims by credit bureaus have found similar materials unworthy of a protective order. See *Zahran v. Trans Union Corp.*, 2002 WL 31010822 (Sept. 9, 2002, N.D.Ill.).

In support of its motion, Experian submitted a single declaration from Kathy Centanni. See Declaration of Kathy Centanni in Support of Experian Information Solutions, Inc.'s Miscellaneous Administrative Request Regarding Protection of Confidential Materials Filed by Plaintiff ("Centanni Decl."). All she says about the documents is that they describe Experian's procedures for "investigating potential subscribers, physically inspecting their business locations, and accepting the companies as new subscribers." Centanni Decl. page 2, lines 16-19. Ms. Centanni does not identify anything that is contained in those documents that is privileged or trade secret, but rests on the assertion that they are "confidential and proprietary." That is not sufficient to meet the test of good cause.

Her conclusory statement is contrary to common sense. The documents describe procedures that Experian uses to screen applicants for its consumer report services. Those procedures are revealed to the subscribers when they go through the process. Applicants who have been through the process have learned what Experian is looks for and what it doesn't consider. Furthermore, the requirements are not rocket science. Anyone who thought about it would surmise that Experian wants to do business with subscribers that are "verifiable, bona-fide business entit[ies]" that can show "financial responsibility." Ms. Centanni has not identified any particular part of any of these exhibits that she considers a trade secret because there is no such information contained in any of these documents. In *Zahran*, *supra*, the court decided that Trans Union's procedures were not the "type of information contemplated by Rule 26(c)(7) as a trade secret or commercial information. *Zahran, supra.*

Furthermore, Ms. Centanni fails to identify any <u>specific</u> prejudice or harm that will result from public access to those documents. She speculates that harm could arise in two ways. First:

> "Potential subscribers <u>could</u> benefit by learning the details of Experian's procedures…which they (sic) use to circumvent Experian's procedures to limit access for permissible purposes." Centanni Decl. page 3, lines 1-3.

Second:

> "[C]ompetitors <u>could</u> benefit from these documents by allowing them to use Experian's procedures, developed with Experian's time and money, for free." Centanni Decl. page 3, lines 3-5.

The burden that Experian has to meet is to show that the disclosure of these documents will "cause significant harm to its competitive and financial position." *Deford v. Schmid Prods. Co.*, 120 F.R.D. 647, 653. The burden is on Experian to provide "specific demonstrations of fact…rather than broad, conclusory allegations of harm." *Id.* Ms. Centanni's declaration fails to meet the test because it is simply generalized allegations of harm that Experian speculates about. "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Beckman*, 966 F.2d at 476. The district court in *Zahran* called a similar hypothetical argument by Trans Union "specious."

In addition, Ms Centanni's declaration should be disregarded entirely because she is not qualified to offer the statements and conclusions that are set forth in that declaration. As Ms. Pintos pointed out in her original opposition to the motion to seal, Ms. Centanni's deposition testimony demonstrates that she is unqualified to testify to paragraphs 4-6 in her declaration. Ms. Pintos' objections to that testimony should be sustained and those paragraphs should be disregarded.

Finally, even if Experian had shown that the documents contain some information that is worthy of protection and that disclosure of that information would result in significant harm to Experian, the Court should deny its motion to seal because the public's interest in viewing these

documents outweighs Experian's legitimate interest in having them sealed from public view. These documents constitute the procedures that Experian is required to maintain as part of its duties under the Fair Credit Reporting Act. These are not like procedures that a company designs to make itself more competitive, but rather they exist only because Congress has told Experian and the other CRAs that they must maintain such procedures. Thus there is an unusually high public interest in knowing what this consumer reporting agency is doing to comply with its federal law obligations. And it is even more important for the public, the FTC and Congress to know where Experian is failing to maintain proper procedures, as these documents clearly demonstrate.

## III. Conclusion

The Court should dismiss the motion to reconsider without deciding it, because the Ninth Circuit cases suggest, if not hold, that it lacks jurisdiction to do anything else. Alternatively, the Court might read the Ninth Circuit cases more narrowly, find that an explanation of the Court's reasons for denying Experian's motion to seal will be in aid of the appellate court's jurisdiction, and issue an opinion stating those reasons. Ms. Pintos respectfully submits that it would be error to grant Experian's motion to seal the documents because the Court lacks jurisdiction to grant Experian's motion, because Experian's motion fails to satisfy the requirements of Rule 60(b), and because Experian has not made the requisite showing for a protective order.

Dated: March 1, 2005

　　　　　　　　　　　　　　　　Andrew J. Ogilvie
　　　　　　　　　　　　　Attorney for plaintiff Maria Pintos

*Pintos v. Pacific Creditors Association*, N.D.Cal., case C 03-5471 CW (JCS)　　　　10
Plaintiff's Opposition To Experian's Motion for Reconsideration