IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA E. PINTOS,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC CREDITORS ASSOCIATION and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>        Defendants.<br>_____/ | No. C 03-5471 CW<br><br>ORDER GRANTING DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT (Docket No. 129) |

Defendant Experian Information Solutions, Inc., renews its motion for partial summary judgment that it did not wilfully violate the Fair Credit Reporting Act (FCRA).  Plaintiff Maria E. Pintos opposes the motion.  The motion was heard on March 31, 2011. Having considered oral argument and the papers submitted by the parties, the Court GRANTS Experian's motion.

BACKGROUND

Because the Court's Order of November 9, 2004 (Docket No. 82) explains the facts of this case in sufficient detail, they will not be repeated here in their entirety.

Defendant Pacific Creditors Association (PCA) is a collection agency that specializes in deficiency claims for towing companies.

1  Experian is a consumer credit reporting agency that gathers credit
2  information and makes it available to third-party subscribers.  In
3  1987, PCA entered into a subscriber agreement with Experian's
4  predecessor, and PCA continues to subscribe to Experian's credit
5  reporting services.
6      On May 29, 2002, the San Bruno Police Department instructed
7  P&S Towing to tow and impound a Chevrolet Suburban because the
8  registration tags were expired.  Thereafter, P&S Towing sent a
9  "Notice of Pending Lien Sale" to Plaintiff and her son, indicating
10 that it held a lien on the vehicle for towing and impound charges
11 and that the car would be sold if Plaintiff or her son did not pay
12 the debt and reclaim the vehicle.  The vehicle was not reclaimed
13 and, following the lien sale, P&S Towing transferred the deficiency
14 for towing and impounding to PCA for collection.
15     On December 5, 2002, after failing to secure payment on
16 Plaintiff's debt, PCA obtained Plaintiff's credit information from
17 Experian's database.
18     On December 4, 2003, Plaintiff filed a complaint against both
19 PCA and Experian, alleging violations of the FCRA.  Plaintiff
20 claimed that Experian provided PCA with her credit report, even
21 though PCA did not have a legally permissible purpose.  Plaintiff
22 alleged that Experian violated the FCRA willfully or, at the least,
23 negligently.
24     In their motions for summary judgment, PCA and Experian
25 asserted that, by obtaining Plaintiff's credit report to collect on
26 the deficiency, PCA did so in connection with the "collection of an
27 account," as provided under 15 U.S.C. § 1681b(a)(3)(A).
28

2

Separately, Experian argued that it satisfied the FCRA's requirement, pursuant to 15 U.S.C. § 1681e(a), that it "maintain reasonable procedures" to prevent the improper disclosure of Plaintiff's credit report. Experian pointed to PCA's "one-time blanket or so-called 'general certification,'" in which PCA promised that it would only request and obtain credit reports for permissible purposes. Experian's Mot. for Summ J. 10:9-10 (Docket No. 53).

On November 9, 2004, the Court granted PCA's and Experian's motions for summary judgment, concluding that PCA had a legally permissible purpose when it obtained Plaintiff's credit report. Accordingly, the Court did not reach whether Experian would have violated the FCRA had PCA not had a permissible purpose.

The Ninth Circuit reversed the Court's judgment. The Ninth Circuit concluded that § 1681b(a)(3)(A) applies only when a consumer's credit report is furnished in connection with a credit transaction initiated by the consumer. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 675-76 (9th Cir. 2010). Because Plaintiff had not initiated the credit transaction, inasmuch as she did not ask P&S Towing to tow the vehicle, the Ninth Circuit held that § 1681b(a)(3)(A) did not apply. Id. at 676. The Ninth Circuit also rejected the argument that PCA's blanket certification immunized Experian from liability. Id. at 677.

Defendants petitioned for rehearing en banc, which was denied; seven circuit judges dissented from the denial. See generally Pintos, 605 F.3d at 670-72. On June 1, 2010, the Ninth Circuit's mandate issued. Experian petitioned for a writ of certiorari,

3

which the United States Supreme Court denied on January 12, 2011.

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The moving party is not required to produce evidence showing the absence of a material fact on such issues, nor must the moving party support its motion with evidence negating the non-moving party's claim. Id.; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990);

1  Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991),
2  cert. denied, 502 U.S. 994 (1991).  If the moving party shows an
3  absence of evidence to support the non-moving party's case, the
4  burden then shifts to the opposing party to produce "specific
5  evidence, through affidavits or admissible discovery material, to
6  show that the dispute exists."  Bhan, 929 F.2d at 1409.  A complete
7  failure of proof concerning an essential element of the non-moving
8  party's case necessarily renders all other facts immaterial.
9  Celotex, 477 U.S. at 323.

## DISCUSSION

Experian seeks summary adjudication that it did not willfully violate the FCRA because, at the time it furnished Plaintiff's credit report to PCA, no authority clearly established that doing so was unlawful.

The FCRA limits the purposes for which consumer reporting agencies may disclose credit reports, 15 U.S.C. § 1681b, and requires such agencies to "maintain reasonable procedures" that prevent disclosure in the absence of a permissible purpose, id. § 1681e.  Violations of these requirements may be willful or negligent.  Compare 15 U.S.C. § 1681n with id. § 1681o.  For willful violations, prevailing consumers may recover actual or statutory damages, punitive damages and reasonable attorneys' fees. 15 U.S.C. § 1681n(a).  In contrast, for negligent violations, a consumer may recover only actual damages and reasonable attorneys' fees.  Id. § 1681o(a).

To prove a willful violation, a consumer must show that the defendant violated the FCRA either knowingly or recklessly.  Safeco

5

Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007). A defendant's action is considered reckless if it "is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. at 69. A defendant that violates the FCRA based on an erroneous, but objectively reasonable, reading of the statute does not act recklessly. Id. To determine whether a defendant's reading was objectively reasonable, courts may consider the text of the Act or "guidance from the courts of appeal or the Federal Trade Commission." Id. at 70.

Experian asserted that PCA's reason for obtaining Plaintiff's credit report was a permissible purpose under § 1681b(a)(3)(A), which provides that, subject to enumerated exceptions not relevant here,

> any consumer reporting agency may furnish a consumer report . . . [t]o a person which it has reason to believe . . . intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer.

Experian argued that, by obtaining Plaintiff's credit report to collect the towing and impound deficiency, PCA used the information in connection with the "collection of an account" of Plaintiff. Plaintiff does not identify any language in § 1681b(a)(3)(A), or any guidance from the courts of appeal or the Federal Trade Commission existing at the time PCA acquired her report, that renders Experian's reading objectively unreasonable, even though it ultimately proved to be wrong. Therefore, Experian did not

6

willfully violate § 1681b.

Similarly, Plaintiff offers no evidence that Experian willfully failed to maintain reasonable procedures to limit disclosure of Plaintiff's credit report for only permissible purposes. In relevant part, § 1681e(a) provides,

> Every consumer reporting agency shall maintain reasonable procedures designed . . . to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

At the time Experian disclosed Plaintiff's credit report, the Federal Trade Commission (FTC) had provided guidance concerning the use of blanket certifications to satisfy the requirements of § 1581(a). See generally 16 C.F.R. pt. 600, App. § 607 cmt. 2. The FTC's guidance states, "Once the consumer reporting agency obtains a certification from a user (e.g., a creditor) that typically has a permissible purpose for receiving a consumer report, stating that it will use those reports only for specified permissible purposes (e.g., for credit or employment purposes), a certification of purpose need not be furnished for each individual report obtained, provided there is no reason to believe the user may be violating its certification." Id. App. § 607 cmt. 2C. The FTC further states that, when "doubt arises concerning any user's

7

compliance with its contractual certification, a consumer reporting agency must take steps to insure compliance, such as requiring a separate, advance certification for each report it furnishes that user, or auditing that user to verify that it is obtaining reports only for permissible purposes." Id. App. § 607 cmt. 2D.

Plaintiff offers no evidence that, based on the FTC's guidance, Experian willfully failed to meet its obligations under § 1681e(a). Instead, she cites Pintos, which stated, "Under the plain terms of § 1681e(a), a subscriber's certification cannot absolve the reporting agency of its independent obligation to verify the certification and determine that no reasonable grounds exist for suspecting impermissible use." Pintos, 605 F.3d at 677. However, this is not necessarily inconsistent with the FTC guidance cited by Experian.[1] The FTC guidance suggests that, when an agency has doubts about a creditor's purposes, the agency must then take steps to verify compliance with the certification.

Plaintiff also argues that Experian's other procedures may not have been sufficient to limit disclosure of her credit report and that, even if they were, there is no evidence that Experian enforced them against PCA. Plaintiff also suggests various other measures that Experian could have taken to avoid violations of § 1681b. In light of the FTC guidance described above, these arguments do not demonstrate that Experian willfully violated

---

[1] Pintos did not consider the FTC guidance. To the extent that Pintos is inconsistent with the FTC interpretation of the FCRA, Plaintiff cannot maintain her willfulness claim on it. Pintos obviously did not exist at the time her report was disclosed. See Safeco, 551 U.S. at 70.

8

§ 1681e(a).

Finally, Plaintiff notes various district court cases in which the summary judgment was denied with respect to the plaintiffs' willfulness claims.  However, Saindon v. Equifax Information Services, 608 F. Supp. 2d 1212 (N.D. Cal. 2009) and Drew v. Equifax, 2010 WL 5022466 (N.D. Cal.), are distinguishable.  Neither case dealt with § 1681e(a) or related FTC guidance.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Experian's motion for partial summary judgment that it did not willfully violate the FCRA.  (Docket No. 129.)

IT IS SO ORDERED.

Dated: April 13, 2011

CLAUDIA WILKEN
United States District Judge