IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA E. PINTOS,<br><br>    Plaintiff,<br><br>  v.<br><br>PACIFIC CREDITORS ASSOCIATION and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendants.<br>_____/ | No. C 03-5471 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DENYING DEFENDANT PACIFIC CREDITORS ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE<br>(Docket Nos. 147, 152 and 158) |

    Plaintiff Maria E. Pintos moves for partial summary judgment against Defendant Pacific Creditors Association (PCA), the remaining Defendant against which she has claims.[1] PCA opposes Plaintiff's motion and cross-moves for summary judgment. Plaintiff opposes PCA's cross-motion and moves to strike PCA's expert witness disclosure. The motions were heard on September 1, 2011. Having considered oral argument and the papers submitted by the parties, the Court DENIES Plaintiff's motion for partial summary judgment and PCA's motion for summary judgment and DENIES as moot Plaintiff's motion to strike.

BACKGROUND

    Because the Court's Order of November 9, 2004 (Docket No. 82) explains the facts of this case in sufficient detail, they will not be repeated here in their entirety.

---

[1] On August 2, 2011, pursuant to stipulation, the Court dismissed Plaintiff's claims against Experian Information Solutions, Inc.

PCA is a collection agency that specializes in deficiency claims for towing companies. Experian is a consumer credit reporting agency that gathers credit information and makes it available to third-party subscribers. In 1987, PCA entered into a subscriber agreement with Experian's predecessor, and PCA continues to subscribe to Experian's credit reporting services.

On May 29, 2002, the San Bruno Police Department instructed P&S Towing to tow and impound a Chevrolet Suburban because the registration tags were expired. Thereafter, P&S Towing sent a "Notice of Pending Lien Sale" to Plaintiff and her son, indicating that it held a lien on the vehicle for towing and impound charges and that the car would be sold if Plaintiff or her son did not pay the debt and reclaim the vehicle. The vehicle was not reclaimed and, following the lien sale, P&S Towing referred the deficiency for towing and impounding to PCA for collection.

On December 5, 2002, after failing to secure payment on Plaintiff's debt, PCA obtained Plaintiff's credit information from Experian's database.

On December 4, 2003, Plaintiff filed a complaint against both PCA and Experian, alleging violations of the FCRA. Plaintiff claimed that PCA did not have a legally permissible purpose for obtaining her credit report. Plaintiff alleged that PCA violated the FCRA willfully or, at the least, negligently.

In its original motion for summary judgment, PCA asserted that, by obtaining Plaintiff's credit report to collect on the deficiency, it did so in connection with the "collection of an account," as provided under 15 U.S.C. § 1681b(a)(3)(A). On November 9, 2004, the Court granted PCA's motion for summary

2

judgment, concluding that PCA had a legally permissible purpose when it obtained Plaintiff's credit report.

The Ninth Circuit reversed the Court's judgment, concluding that § 1681b(a)(3)(A) applies only when a consumer's credit report is furnished in connection with a credit transaction initiated by the consumer. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 675-76 (9th Cir. 2010). Because Plaintiff had not initiated the credit transaction, inasmuch as she did not ask P&S Towing to tow the vehicle, the Ninth Circuit held that § 1681b(a)(3)(A) did not apply. Id. at 676. Petitions for rehearing en banc were denied; seven circuit judges dissented from the denial. See generally Pintos, 605 F.3d at 670-72. On June 1, 2010, the Ninth Circuit's mandate issued.

Plaintiff has dismissed her claim against PCA for a willful violation of FCRA. She asserts only a claim against PCA for a negligent violation of the statute.

## LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815

3

F.2d at 1289. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The moving party is not required to produce evidence showing the absence of a material fact on such issues, nor must the moving party support its motion with evidence negating the non-moving party's claim. Id.; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 885 (1990); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991), cert. denied, 502 U.S. 994 (1991). If the moving party shows an absence of evidence to support the non-moving party's case, the burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan, 929 F.2d at 1409. A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. Celotex, 477 U.S. at 323.

## DISCUSSION

The FCRA limits the purposes for which consumer credit reports may be used. 15 U.S.C. § 1681b. Consumers may seek liability against persons who negligently violate this restriction. Id. § 1681o.

4

The FCRA does not define what constitutes negligence. However, under common law principles, negligence refers to "conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm." Restatement (Second) of Torts § 282. The "standard of conduct required to avoid negligence [is] that of a reasonably prudent person under similar circumstances." Almaraz v. Universal Marine Corp., 472 F.2d 123, 124 (9th Cir. 1972). "In order that an act may be negligent it is necessary that the actor should realize that it involves a risk of causing harm to some interest of another." Restatement (Second) of Torts § 289, cmt. b. An actor is deemed to have knowledge of what a reasonable person would know at that time under the circumstances. See, e.g., Martin v. Cincinnati Gas & Elec. Co., 561 F.3d 439, 444 (6th Cir. 2009) (citing Restatement (Second) of Torts § 290). "'[I]n determining whether conduct is negligent, the customs of the community, or of others under like circumstances, are factors to be taken into account but are not controlling where a reasonable man would not follow them.'" Oregon ex rel. State Highway Comm'n v. Tug Go-Getter, 468 F.2d 1270, 1275 n.4 (9th Cir. 1972) (quoting Restatement (Second) of Torts § 295(A)). Absent contrary congressional intent, negligence must be given its common law meaning. Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 58 (2007) (citing Beck v. Prupis, 529 U.S. 494, 500-01 (2000)).

Plaintiff reads Safeco, a case in which the Supreme Court determined what constitutes a willful violation of the FCRA, to create a negligence standard that deviates from the common law. Plaintiff argues that, under Safeco, a defendant negligently

5

violates the FCRA if it "obtains a credit report under a <u>reasonable but erroneous</u> construction of the FCRA." Pl.'s Reply at 3 (emphasis in original). Her interpretation is based on the following passages:

> Thus, a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.
>
> Here, there is no need to pinpoint the negligence/recklessness line, for Safeco's reading of the statute, albeit erroneous, was not objectively unreasonable.

<u>Safeco</u>, 551 U.S. at 69.

This language does not reflect a departure from negligence's common law definition. <u>Safeco</u> did not substantively address negligence under the FCRA, let alone dispense with the term's common law meaning. The Court simply stated that, to commit a willful violation of the FCRA, a company's action must: (1) be a violation under a reasonable reading of the statute <u>and</u> (2) exhibit "a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." In other words, a careless reading, on its own, does not suffice to show recklessness. However, a corollary of this principle is not, as Plaintiff insists, that a reasonable but erroneous reading must be deemed negligent. Such a standard would eliminate the reasonableness inquiry generally associated with negligence and make negligence in the context of the FCRA akin to strict liability. Plaintiff identifies no congressional intent to create such a standard. Although she cites congressional findings made in support of the statute, none of them evinces an intent to displace

6

the common law definition of negligence. See 15 U.S.C. § 1681(a)(1) and (4). Giving negligence its common law meaning, the proper inquiry in this case is whether a reasonably prudent collection agency would have, in December 2002, obtained Plaintiff's consumer credit report to collect on a towing deficiency, despite the FCRA and authority interpreting the statute at that time.

I.  Plaintiff's Motion for Partial Summary Judgment

Plaintiff does not establish, as a matter of law, that PCA negligently violated the FCRA. She argues that PCA was negligent because the parties do not dispute that it intentionally obtained her credit report and did so, as deemed by the Ninth Circuit in 2010, without a permissible purpose. However, Plaintiff proffers no undisputed evidence establishing as a matter of law that a reasonably prudent collection agency would have known in December 2002 that the FCRA prohibited PCA's conduct.

Plaintiff also contends that "PCA's <u>intentional</u> act subsumes the <u>negligence</u> that is required under § 1681o." Pl.'s Reply at 7 (emphasis in original). This statement could be true if Plaintiff proffered uncontested evidence that PCA knew or should have known at that time that its action was impermissible.[2] The record contains no such evidence.

Plaintiff maintains that concluding that the uncontested facts do not support imposing negligence liability against PCA would blur the distinction between willful and negligent violations of the

---

[2] Indeed, if there were evidence that PCA knew it lacked a permissible purpose, its intentional act could render it liable under the FCRA's willfulness prong. However, Plaintiff has dismissed her claim for a willful violation of the statute.

7

FCRA. She complains that such a ruling would mean that, under either theory, a "consumer would have to prove that the defendant's interpretation of the FCRA was objectively unreasonable." Pl.'s Reply at 5. This result would not be inconsistent with the common law principles underlying the FCRA. As Safeco noted,

> The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

551 U.S. at 69 (quoting Restatement (Second) of Torts § 500). In other words, the distinction between willful and negligent conduct is the degree of unreasonable risk of harm created by the actor's conduct. Thus, while evidence that a defendant's reading of the FCRA was objectively unreasonable may be probative of both a willful and negligent violation, this does not mean that the two are the same. Indeed, as Safeco suggests, a merely careless reading of the statute may be insufficient to constitute a willful violation, but may support liability for a negligent violation.

Finally, Plaintiff points to Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, which concerned the Fair Debt Collection Practices Act (FDCPA). 130 S. Ct. 1605, 1624 (2010). Unlike the FCRA, the FDCPA is a strict liability statute; however, "it excepts from liability those debt collectors who satisfy the 'narrow' bona fide error defense." McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 948 (9th Cir. 2011). In Jerman, the Supreme Court concluded that a debt collector could not assert a mistake-of-law defense under the bona fide error provision of the FDCPA.

8

130 S. Ct. at 1624. This principle is inapplicable here. As Safeco teaches, a reasonable, but mistaken, reading of the FCRA can preclude liability.

Accordingly, Plaintiff's motion for partial summary judgment must be denied.

## II. PCA's Motion for Summary Judgment

Plaintiff maintains that, at the least, there is a triable issue of fact on her claim. She points to the declaration by Robert S. Sola, a lawyer whom she designates as an expert. Sola opines that, had PCA investigated the issue, it would have discovered legal authority demonstrating that "it did not have a permissible purpose to obtain her credit report." Sola Decl. ¶ 7. However, Sola's declaration is not appropriate expert witness opinion. Sola did not opine on what constitutes competent legal research. Sola stated "that if PCA had conducted competent legal research before obtaining Pintos's report in December 2002, it would have known that it did not have a permissible purpose to obtain her report." Sola Decl. ¶ 7. However, he does not explain what practices or methods constitute "competent legal research." Instead, he interpreted section 1681b(a)(3)(A) and recited the holdings of Ninth Circuit authority. "Expert testimony is not proper for issues of law." Crow Tribe of Indians v. Racicot, 87 F.3d 1039, 1045 (9th Cir. 1996); see also McHugh v. United Serv. Auto Ass'n, 164 F.3d 451, 454 (9th Cir. 1999) (listing cases). Thus, PCA's objection to the Sola Declaration is sustained, and

Sola's opinions are disregarded.[3]

However, even without Sola's declaration, Plaintiff creates a triable issue of fact. The record suggests that George Long, who was PCA's compliance officer at the time PCA obtained Plaintiff's credit report, failed to research whether PCA had a permissible purpose to obtain consumer credit reports based on the collection of towing deficiencies. Had he done so, Long, who has a law degree, could have discovered the Ninth Circuit's decisions in Andrews v. TRW, Inc., 225 F.3d 1063 (9th Cir. 2000), rev'd on other grounds, TRW Inc. v. Andrews, 534 U.S. 19 (2001), and Mone v. Dranow, 945 F.2d 306 (9th Cir. 1991). These cases were the two on which the Ninth Circuit relied in Pintos to conclude that PCA lacked a permissible purpose. See Pintos, 605 F.3d at 674-76. Thus, a jury could conclude that PCA was negligent because a reasonably prudent collection company would have researched whether it could obtain reports to collect on towing deficiencies and that, had it done such research, it would have unearthed legal authority suggesting that it lacked a permissible purpose. Of course, it is the jury's role, based on the evidence, to determine whether PCA had such a duty and whether the legal authority at the time would have persuaded a reasonably prudent collection company that the FCRA did not permit it to obtain Plaintiff's consumer credit report.

Accordingly, PCA's motion for summary judgment must be denied.

---

[3] Because Sola's expert opinion on the law is excluded, PCA has no need for its expert rebuttal witness, Lloyd Dix. Thus, Plaintiff's motion to strike PCA's designation of Dix as an expert witness must be denied as moot.

10

CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for partial summary judgment (Docket No. 147) and PCA's motion for summary judgment (Docket No. 152) and DENIES as moot Plaintiff's motion to strike (Docket No. 158).

Plaintiff and PCA are referred to a magistrate judge for a settlement conference.

A final pretrial conference is scheduled for November 1, 2011 at 2:00 p.m.  Although a four-day jury trial is set to begin on November 15, 2011 at 8:30 a.m, as explained during the hearing on the parties' motions, an earlier-filed case and a criminal case are also set for that date.  Thus, trial in this action may not begin until the trials in those cases conclude.

IT IS SO ORDERED.

Dated: 9/2/2011

CLAUDIA WILKEN
United States District Judge

cc: Sue